815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buster CRUM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5197.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1987
 
 Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the claimant, Buster Crum, from the order of the district court affirming the decision of the Secretary to deny social security disability benefits.
 
 
 2
 After the Administrative Law Judge had denied benefits, and while his claim was pending before the Appeals Council on his request for review, claimant was advised that he could submit additional evidence, but that it would not be considered "unless it is both new and material with respect to the period ending with the date of the hearing decision." [Emphasis within.] Claimant submitted to the Appeals Council an examination report and opinion from his attending physician, Dr. George Seiters, an orthopedic surgeon. Dr. Seiters noted his treatment of claimant since his December 1983 automobile accident, and also the objective findings from his examination almost four months after the Administrative Law Judge's hearing decision. He then gave his opinion that "Mr. Crum cannot engage in gainful employment," and stated that this opinion was based upon various objective medical findings.
 
 
 3
 The Appeals Council denied review of the Administrative Law Judge's decision, and adopted it as the final decision of the Secretary. No mention was made of Dr. Seiters' report.
 
 
 4
 The district court concluded that there is substantial evidence in the record to support the decision of the Secretary. To the extent that one considers the record at the time of the Administrative Law Judge's hearing decision, that conclusion is inescapable. The district court also addressed Dr. Seiters' report, concluding that it contained no new medical information upon which the doctor could have based his opinion of disability. Had Dr. Seiters clearly stated his opinion previously that Mr. Crum was not disabled, and cited the objective evidence upon which he was basing his opinion, then, a trier of the facts would be in a position to discount a later opinion of disability, based upon the same objective findings. However, Dr. Seiters' numerous reports do not suffer from such inconsistency.
 
 
 5
 Because Dr. Seiters' latest report is not clearly limited to Mr. Crum's condition at the time of the Administrative Law Judge's hearing decision, it is not "new evidence" which is probative of the issue which was being reviewed by the district court. This is because the doctor's opinion was based, at least in part, upon his objective findings subsequent to the hearing decision. If Mr. Crum's condition has deteriorated since the hearing decision to the extent that he is now disabled, then, his present condition can, of course, be the subject of a new application for benefits.
 
 
 6
 Because the district court would have been warranted in disregarding Dr. Seiters' report, as did the Appeals Council, the court's conclusion that the Secretary's decision is supported by substantial evidence is not erroneous. Accordingly, except as noted, we adopt the reasoning of the district court in its memorandum opinion of January 14, 1986, and affirm its order of that same date.